IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DORNELL DARDEN | ) | |
| | ) | |
| Petitioner, | ) | No. 4:16CR888 CAS |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Original petition to vacate |
| | ) | sentence under 28 U.S.C. §2255 |
| Respondent. | ) | (No. 4:06CR122 CAS) |

## PETITION PURSUANT TO 28 U.S.C. §2255

Comes now petitioner, DARNELL DARDEN, by Assistant Federal Public Defender Lucille G. Liggett, to file this original habeas corpus petition and to request immediate release from the 180 month sentence in No. 4:06CR122 CAS for his 2006 conviction of being a felon-in-possession of a firearm based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Petitioner has not filed a previous habeas motion in this case.  Petitioner submits that he is entitled to relief:

1.  Petitioner, age 49, is a federal prisoner, Reg. No. 32907-044, currently incarcerated at FPC Yankton, Federal Prison Camp in Yankton, South Dakota 57078. (Box 700).

### Information Regarding Conviction

2.   Petitioner was convicted in the United States District Court, Eastern District of Missouri, 111 South Tenth Street, Saint Louis, MO  63102, Docket Number 4:06CR122 CAS.

3.  The underlying offense consisted of one count of being a felon-in-possession of a firearm, 18 U.S.C. §922(g)(1).

4.  Petitioner pled guilty to the charge on April 25, 2006  (DCD No. 19). He was originally sentenced on August 15, 2006 to 180 months imprisonment.  The Court determined the guideline range to be the minimum sentence required by the Armed Career Criminal Act, 18 U.S.C. §924(e)(2) (*hereinafter* "ACCA").

## Information Concerning Appeals and Prior Habeas Corpus Petitions

5.  Petitioner did not appeal the sentence.

6.  Petitioner did not file a habeas motion in this case.

7.  **GROUND FOR RELIEF**: Petitioner's 180-month sentence violates fundamental fairness and due process under the Fifth Amendment because the 2015 ruling in *Johnson v. United States* proves that he does not have three prior convictions for violent felonies,

The United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551, establishes that petitioner's 180-month sentence under ACCA violated the Constitution and his guideline at the time of sentencing and exceeded the statutory maximum sentence of 120 months that Section 924(a)(2) authorized for petitioner's conviction for unlawfully possessing a firearm as a felon.

Basis for the Sentence Darden Is Serving

The government charged Darden with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Because Darden had prior convictions for assault in the second degree, armed criminal action, tampering in the first degree, robbery in the second degree, and attempted robbery in the second degree, the offense was punishable by 15 years to life imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] Darden timely entered a plea of guilty. The Presentence Investigation Report ("PSR") set the offense level as 24 based on a finding that Darden had two prior felony convictions for a crime of violence. The PSR determined that Darden was an Armed Career Criminal, increasing the total offense level from 24 to 33 and increasing the criminal history category from III to IV.[2] Reduced by three levels because Darden accepted responsibility for the offense, the total offense level was 30.[3] The ACCA enhancement increased Darden's criminal history category from III to

---

[1] *Id.* Although the Presentence Investigation Report ("PSR") stated that Darden had a conviction for assault in the first degree (*see* PSR ¶29), the case records show that he was actually convicted of assault in the second degree. *See* Selected Records, *State v. Darden*, St. Louis, Missouri Circuit Court No. 851-2130A (Exhibit A). The verdict forms reflect that the jury found Darden guilty of assault in the second degree. *Id.*

[2] PSR at ¶¶24, 45; U.S.S.G. §§ 4B1.4(b)(3)(B), 4B1.4(c) .

[3] PSR at ¶¶16, 22, 25, 26; U.S.S.G. §§ 3E1.1, 4B1.4(b)(3)(B).

IV and yielded an advisory Guidelines sentencing range of 135 to 168 months.[4] Due to the statutory

mandatory minimum sentence, the Guidelines range became 180 months.[5] On August 15, 2006, the

District Court sentenced Darden to 180 months imprisonment and 3 years of supervised release.


Today, Darden Would Not Be Subject to the Armed Career Criminal Act

      The Armed Career Criminal Act ("ACCA") mandates a sentence of 15 years to life

imprisonment if a defendant is convicted of an offense under 18 U.S.C. § 922(g) and has three prior

convictions for a controlled substance offense or a violent felony.[6] The Act defines "violent felony" as

"any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the

use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary,

arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious

potential risk of physical injury to another."[7] In 2015, the Supreme Court found that the residual clause

of § 924(e)(2)(B)(ii) ("otherwise involves conduct that presents a serious potential risk of physical injury

to another") was unconstitutionally vague and that a conviction under this section of ACCA violates due

process.[8] Thus, under current law, a prior conviction is an ACCA predicate only if it satisfies the

"enumerated offenses" clause (§ 924(e)(2)(B)(i)) or the "force" clause (§ 924(e)(2)(B)(ii)).

      Darden has prior convictions for assault in the second degree, automobile tampering in

the first degree, making a false report, armed criminal action, robbery in the second degree, forgery, and

attempted robbery in the second degree.[9] The PSR did not specify which of Darden's prior convictions

---

[4] PSR at ¶¶45.
[5] PSR at ¶¶80, 81; U.S.S.G. § 5G1.1(b); 18 U.S.C. § 924(e).
[6] 18 U.S.C. § 924(e)(1).
[7] 18 U.S.C. § 924(e)(2)(B).
[8] *Johnson v. United States*, 135 S.Ct. 2551, 2557, 2563 (2015).
[9] PSR at ¶¶29-39. As stated above, the PSR erroneously determined that Darden had a prior conviction for assault in the first degree, but he was actually convicted of assault in the second degree. Selected Records, *State v. Darden*, St. Louis, Missouri Circuit Court No. 851-2130A (Exhibit A). The verdict forms reflect that the jury found Darden guilty of assault in the second degree. *Id.*

3

were the basis for his ACCA status.[10] Under Eighth Circuit law at the time Darden was sentenced, five

of his prior convictions (not including his convictions for forgery and making a false report) qualified as

violent felonies under ACCA. The Eighth Circuit has held or affirmed that armed criminal action may or

may not be a violent felony, depending on the elements of the principal, underlying offense,[11] and that

assault in the second degree,[12] automobile tampering,[13] robbery in the second degree,[14] and attempted

robbery[15] are violent felonies or crimes of violence.[16]

Today, three of those five offenses (tampering, attempted robbery in the second degree, and

robbery in the second degree) no longer qualify as ACCA predicates. If he were sentenced today,

Darden would not have the required three prior convictions for a violent felony and would not be subject

to sentencing under ACCA.

In 2008, the Eighth Circuit held that tampering in the first degree is not a crime of violence under

the Guidelines; by extension, this offense is not a violent felony under ACCA.[17] In 2014, the Eighth

Circuit determined that Missouri attempt offenses are not violent felonies because Missouri's attempt

statute could apply to mere preparatory conduct, which does not qualify as an ACCA predicate under

---

[10] *See* PSR at ¶24.

[11] *United States v. Maddix*, 96 F.3d 311, 314 (8th Cir. 1996).

[12] *United States v. Wilson*, 406 F.3d 1074, 1076 (8th Cir. 2005), *abrogated on other grounds by United States v. Miller*, 305 Fed.Appx. 302 (8th Cir. 2008).

[13] *United States v. Sprouse*, 394 F.3d 578, 581 (8th Cir. 2005), *abrogated by United States v. Williams*, 537 F.3d 969 (8th Cir. 2008). *See also United States v. Johnson*, 417 F.3d 990, 998 (8th Cir. 2005), *abrogated by United States v. Williams*, 537 F.3d 969 (8th Cir. 2008). Missouri's first-degree tampering statute applies to the unlawful possession of an automobile. *See* Mo. Rev. Stat. § 569.080.1(2).

[14] *United States v. Thornton*, 367 F.3d 971, 974 (8th Cir. 2004); *see also United States v. Jones*, 311 Fed.Appx. 943 (8th Cir. 2009) (unpub.).

[15] *United States v. McKinney*, 328 F.3d 993, 995 (8th Cir. 2003), *abrogated by United States v. Reid*, 769 F.3d 990 (8th Cir. 2014).

[16] The Eighth Circuit views the definition of "violent felony" under ACCA as interchangeable with the definition of "crime of violence" under U.S.S.G. § 4B1.2. *Williams*, 537 F.3d at 971.

[17] *Williams*, 537 F.3d at 975.

*James v. United States*, 550 U.S. 192 (2007).[18] Thus, Darden's prior conviction for attempted robbery is not a violent felony.

<u>Second-Degree Robbery Is Not a Violent Felony</u>

Although the Eighth Circuit has yet to make a ruling post-*Johnson*, under current law, the Missouri offense of second-degree robbery is not a violent felony under ACCA. The statute of conviction provides, "A person commits the crime of robbery in the second degree when he forcibly steals property."[19] A person "'forcibly steals,' and thereby commits robbery, when, in the course of stealing . . . he uses or threatens the immediate use of physical force upon another person for the purpose of: (a) Preventing or overcoming resistance to the taking of the property or the retention thereof immediately after the taking; or (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in commission of the theft."[20]

This offense is not burglary, extortion, arson, or the use of explosives and thus is not an enumerated violent felony under § 924(e)(2)(B)(ii). Nor does it qualify under the "force clause" of ACCA, because Missouri courts have construed the statute broadly to apply to conduct that is not intentional and conduct that does not constitute "violent force" within the meaning of ACCA.

To determine whether a prior conviction is a violent felony or a crime of violence, courts employ a categorical approach and "consider the offense generically," examining it "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a

---

[18] *Reid*, 769 F.3d at 994-995.
[19] Mo. Rev. Stat. § 569.030 (1979) (Exhibit B).
[20] Mo. Rev. Stat. § 569.010(1) (1979) (Exhibit C).

5

particular occasion."[21] Under the categorical approach, courts "compare the elements of the statute

forming the basis of the defendant's conviction with the elements of the 'generic' crime – i.e., the

offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the

statute's elements are the same as, or narrower than, those of the generic offense."[22] If a statute is

"divisible" – that is, if it "sets out one or more elements of the offense in the alternative"-- the court may

"consult a limited class of documents, such as indictments and jury instructions, to determine which

alternative formed the basis of the defendant's prior conviction."[23] If a statute is indivisible and

overbroad (that is, it describes one offense, and that offense "sweeps more broadly than the generic

crime"), the offense does not correspond to the generic offense and the offense is not a violent felony.[24]

In conducting this analysis, a federal court is bound by a state court's interpretation of state law,

including its determination of the elements of an offense.[25]

To qualify as a violent felony under the "force" clause, an offense must involve violent force –

that is, force that is capable of causing physical pain or injury; this force is "characterized by . . . 'sudden

. . . furious, severe, vehement'" physical force against a person.[26] The use of force must also be

intentional.[27]

Missouri courts have interpreted the second-degree robbery statute so broadly that it does not

meet the requirements of intentional, violent physical force. First, Missouri courts have interpreted the

statute to eliminate the need for intentional use of force. In *State v. Coleman*, 463 S.W.3d 353, 355 (Mo.

Ct. App. 2015), the court held that a defendant need not intend to threaten the immediate use of physical

---

[21] *Begay v. United States*, 553 U.S. 137, 141 (2008) (*citing Taylor v. United States,* 495 U.S. 575, 602 (1990)).
[22] *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013)
[23] *Id.*
[24] *Id.* at 2283-2286.
[25] *Johnson v. United States*, 559 U.S. 133, 138 (2010).
[26] *Id.* at 141-141 (citations omitted).
[27] *Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004); *Begay*, 553 U.S. at 145-148.

force to sustain a conviction under this statute, and that it is sufficient if a reasonable person would believe the defendant's conduct was a threat.

Second, Missouri courts have interpreted the statute to apply to conduct that is not "violent" force within the meaning of ACCA. The *Coleman* court upheld a conviction under the statute when the defendant approached a bank teller, kept one hand concealed, demanded money, and directed the branch manager not to move any farther when she approached to investigate, but did not explicitly threaten her.[28] Missouri courts have also found sufficient evidence to uphold a conviction under this statute (a) when a defendant handed a clerk a note saying "this is a hold up, give me the money from the register," the clerk laid bills on the counter, and defendant picked them up and fled but did not explicitly threaten the clerk;[29] (b) when the defendant snatched a purse that was wrapped around a woman's finger and the snatching "hurt the nail" and left it "a little deformed;"[30] and (c) when the defendant "bumped" a woman "in the shoulder a little bit" while snatching her purse.[31]

Missouri courts have also held that the physical force need not be directed at the person of another and affirmed a conviction under this statute when a shoplifter pulled clothes from the hand of a security guard but did not touch him.[32] The court specifically stated, "it is not necessary that the person be touched. The force shown – that is, of seizing and trying to free the clothing from [the guard] – was sufficient for the forcible stealing" element of second-degree robbery, "even though the person of the victim was not touched by the defendant."[33]

---

[28] *Coleman*, 463 S.W. 3d at 355.
[29] *State v. Clark*, 790 S.W.2d 495, 496-497 (Mo. Ct. App. 1990).
[30] *State v. Butler*, 719 S.W.2d 35, 36-37 (Mo. Ct. App. 1986).
[31] *State v. Lewis*, 466 S.W.3d 629, 632-633 (Mo. Ct. App. 2015).
[32] *State v. Harris*, 622 S.W.2d 742, 745 (Mo. Ct. App. 1981).
[33] *Id.*

As the foregoing shows, Missouri courts have interpreted Missouri's second-degree robbery statute to apply to unintentional conduct that is perceived as a threat, to conduct that is not "violent" within the meaning of ACCA, and to conduct directed against property, instead of against "the person of another" as required by § 924(e)(2)(B)(i). Today, Darden's prior conviction for robbery in the second degree would not be a violent felony.

Because Darden does not have the requisite three prior convictions for violent felonies, today he would not be subject to sentencing under the Armed Career Criminal Act, the statutory maximum sentence would be 10 years, and Darden's criminal history category would fall from VI to III.[34]

If the court determined that Darden's prior convictions for assault in the second degree and armed criminal action were crimes of violence, the base offense level would be 24 and the total offense level would be 21, yielding an advisory Guidelines sentencing range of 46 to 57 months.[35] If the court determined that Darden did not have any prior convictions for a crime of violence, the base offense level would be 14, the total offense level would be 12, and the advisory Guidelines range would be 15 to 21 months.[36] If he were sentenced today, Darden would likely receive a sentence of 46 to 57 months. Darden has been in federal custody since August 15, 2006, with two days of prior federal custody.[37] As of August 13, 2016, he will have served the statutory maximum of 10 years.

This petition is timely filed under 28 U.S.C. §2255(f)(3), within one year of the date on which the right asserted was initially recognized by the Supreme Court in *Johnson* on June 26, 2015, and

---

[34] 18 U.S.C. § 924(a)(2); PSR at ¶45
[35] PSR at ¶¶18, 22, 23; U.S.S.G. §§ 2K2.1(a)(2), 3E1.1.
[36] U.S.S.G. §§ 2K2.1(a)(6), 3E1.1.
[37] PSR at p. 1 (showing that Darden was in federal custody on a writ from the St. Louis, Missouri Justice Center on March 7 and April 25, 2006); .

declared a new Constitutional rule not previously available that applies retroactively to collateral proceedings in *Welch* on April 18, 2016.

## RELIEF REQUESTED

Petitioner's sentence of 180 months must be immediately vacated pursuant to 28 U.S.C. § 2255(a),  Furthermore, because petitioner will have been in federal custody for the ten years maximum authorized for his offense on August 13, 2016, petitioner requests this Court grant this motion and order his release from custody forthwith.

Respectfully submitted,

/s/ Lucille G. Liggett
LUCILLE G. LIGGETT
Assistant Federal Public Defender
1010 Market, Suite 200
Saint Louis, MO  63101
(314) 241-1255
Fax: (314) 421-3177
E-mail: Lucy_Liggett@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2016, I transmitted the foregoing Motion to Vacate, Set Aside, or Correct Sentence using the CM/ECF system to the following ECF registrants and by email upon Carrie Costantin, AUSA:

Clerk of Court
Thomas Eagleton U.S. Courthouse
111 N. 10th Street
Saint Louis, MO.  63102


Office of the United States Attorney
111 N. 10th Street, 20th Floor
St. Louis, MO. 63102

Copy mailed to: Petitioner Dornell Darden, FPC Yankton

*s/Lucille G. Liggett*
Assistant Federal Public Defender

```
          MISSOURI CIRCUIT COURT - TWENTY-SECOND JUDICIAL CIRCUIT
                          (ST. LOUIS CITY)
```

| : STATE OF MISSOURI | DIV# | CA# P26626A | CAUSE# 851-02130A |
|---|---|---|---|
| : VS | | | |
| : | RACE N | DOB 03/21/67 | CK IF AT LARGE – |
| : | | | SUPPRESSED – |
| :DARDEN, DORNEL | | | |
| : DEFENDANT | SEX M | AR# 85-6X05960 | HO 5976 THEODORE |
| : | | | ADD ST LOUIS       MO |
| :ALIASES | AGE 21 | CN 85-097982 | ZIP |
| : | | | |
| : | HT 5'10 | ID# 000197687 | BUS |
| : | | | ADD |
| :DEF LTR – A | WT 165 | SS# 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 | ZIP |

CHARGES(S):
COUNT I    ASSAULT FIRST DEGREE (CLASS A FELONY)
COUNT II   ARMED CRIMINAL ACTION (CLASS A FELONY)
COUNT III  TAMPERING FIRST DEGREE (CLASS C FELONY)
COUNT IV   MAKING A FALSE REPORT (CLASS B MISDEMEANOR)

WITNESSES:

| | |
|---|---|
| ANDERSON, GEORGE 5067 306 | SANDERS, DONALD 8099 306 |
| RECORDS, MEDICAL | STECKHAN, ROBERT 1753 222 |
| FIRMIN DESLOGE RM 546 | DELGADO, MANUEL 4260 306 |
| SPENCER, RONNIE | FITZPATRICK, WILLIAM 3284 595 |
| POLICE TAPES – 911 | HARDY, ADOPHUS 0213 595 |
| MO. DEPT. OF REVENUE | CALLAHAN, JOSEPH 1802 306 |
| JONES, BENNY | SANNEMAN, ROBERT 5742 306 |
| MCPHEETERS, CHARLES | MCENTEE, TIMOTHY 7420 306 |
| THOMPSON, CHARLES 6866 466 | BATES, LEONDIS 7677 421 |
| MCCULLOCH, JOSEPH 0363 466 | HENDRICKS, JACKIE 7962 421 |

STATE OF MISSOURI  )
                   )SS          INDICTMENT
CITY OF ST. LOUIS  )

                         COUNT I

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the
defendant, DORNEL DARDEN AND DEFENDANT JAMES CHINETH, JR., in violation of
Section 565.050, RSMo, committed the class B felony of assault in the first
degree, punishable upon conviction under Section 558.011.1(2) RSMo, in that
on the 11th day of August, 1985, in the City of St. Louis, State of Missouri,
the defendant, DORNEL DARDEN AND DEFENDANT JAMES CHINETH, JR., attempted to
kill or cause serious physical injury to SGT. GEORGE ANDERSON by hitting him
in the head with a tire jack and in the course thereof inflicted serious
physical injury on SGT. GEORGE ANDERSON.





FREEMAN R. BOSLEY, JR.
CLERK, CIRCUIT COURT
BY.........................................DEPUTY

MISSOURI CIRCUIT COURT — TWENTY—SECOND JUDICIAL CIRCUIT
(ST. LOUIS CITY)

COUNT II

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the
defendant, DORNEL DARDEN, AND DEFENDANT JAMES CHINETH, JR., in violation of
Section 571.015, RSMo, committed the class A felony of armed criminal action,
punishable upon conviction under Section 571.015.1, RSMo, in that on the 11th
day of August, 1985, in the City of St. Louis, State of Missouri, the
defendant, DORNEL DARDEN, AND DEFENDANT JAMES CHINETH, JR., committed the
felony of Assault First Degree or Assault Second Degree charged in Count I,
all allegations of which are incorporated herein by reference, and the
defendant, DORNEL DARDEN, AND DEFENDANT JAMES CHINETH, JR., committed the
foregoing felony of Assault First Degree or Assault Second Degree by, with
and through the use, assistance and aid of a dangerous instrument or deadly
weapon.

COUNT III

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the
defendant, DORNEL DARDEN, AND DEFENDANT JAMES CHINETH, JR., in violation of
Section 569.080.1(2), RSMo, committed the class C felony of tampering in the
first degree, punishable upon conviction under Sections 558.011.1(3) and
560.011, RSMo, in that on the 11th day of August, 1985, in the City of St.
Louis, State of Missouri, the defendant, DORNEL DARDEN, AND DEFENDANT JAMES
CHINETH, JR., knowingly and without the consent of the owner defaced or
destroyed an automobile:  namely a 1972 Buick Regal.

COUNT IV

The Circuit Attorney of the City of St. Louis, State of Missouri, charges
that on the 11th day of August, 1985, in the City of St. Louis, State of
Missouri, the defendant in violation of Section 575.080, RSMo, committed the
class B misdemeanor of making a false report, punishable upon conviction
under Sections 558.011.1(6) and 560.016, RSMo, in that defendant knowingly
made a false report to P. O. JOSEPH CALLAHAN, a law enforcement officer, that
a crime, namely, stealing an automobile had occured.

A true bill
_____
Foreman

GEORGE A. PEACH
Circuit Attorney
of the City of St. Louis,
State of Missouri, by
_____
Assistant Circuit Attorney

Received and filed _Sept. 3, 1985_ and bail set at _$4,000.00._

_____
Circuit Judge

1/map

DARDEN, DORNEL       P26626

Page 2

STATE OF MISSOURI      )
                       )   SS
CITY OF ST. LOUIS      )

IN THE CIRCUIT COURT OF THE CITY OF ST.LOUIS

June 20, 1986

STATE OF MISSOURI,          )           CAUSE NO.851-02130A
            PLAINTIFF       )
                            )
        VS                  )           DIVISION NO.17
                            )
Dornel Darden               )
            DEFENDANT )

SENTENCE AND JUDGMENT

Now, on this day, comes Anthony Gonzalez, Assistant
Circuit Attorney for the State, and the defendant is person
and by David Fischer, attorney, in open court.

Whereupon, said defendant is informed by the Court that
He has heretofore on May 15, 1986, been found guilty by a
jury  on Count II to the offense of Armed Criminal Action,
and being now asked by the Court if He has any legal cause
to show why judgment should not be pronounced against Him
according to law, and still failing to show such cause, it
is therefore Sentenced, Ordered and Adjudged by the Court
that said defendant Dornel Darden, having been found guilty
as aforesaid, and in accordance with the punishment
heretofore assessed by the Jury be and is hereby ordered
committed to the Department of Corrections and Human
Resources for a period of Three (3) years.

Whereupon, said defendant is informed by the Court that
He has heretofore on May 15, 1986, been found guilty by a
jury on Count I to the offense of Assault Second Degree,
and being now asked by the Court if He has any legal cause
to show why judgment should not be pronounced against Him
according to law, and still failing to show such cause, it
is therefore Sentenced, Ordered and Adjudged by the Court
that the said defendant Dornel Darden, having been found
guilty as aforesaid, and in accordance with the punishment
heretofore assessed by the Jury be and is hereby ordered
committed to the Department of Corrections and Human
Resources for a period of Three (3) years; said sentence to
commence at the expiration of sentence imposed in Count II.

Whereupon, said defendant is informed by the Court that He has heretofore on May 15, 1986, been found guilty by a jury on Count III to the offense of Tampering First Degree, and being now asked by the Court if He has any legal cause to show why judgment should not be pronounced against Him according to law, and still failing to show such cause, it is therefore Sentenced, Ordered and Adjudged by the Court that the said defendant Dornel Darden, having been found guilty as aforesaid, and in accordance with the punishment heretofore assessed by the Jury be and is hereby ordered committed to the Department of Corrections and Human Resources for period of One (1) year; said sentence to run concurrently with sentences imposed in Counts I and II.

Whereupon, said defendant is informed by the Court that He has heretofore on May 15, 1986, been found guilty by a jury on Count IV to the offense of Making A False Report, and being now asked by the Court if He has any legal cause to show why judgment should not be pronounced against Him according to law, and still failing to show cause, it is therefore Sentenced, Ordered and Adjudged by the Court that the said defendant Dornel Darden, having been found guilty as aforesaid, and in accordance with the punishment heretofore assessed by the Jury be and is hereby ordered committed to the St. Louis Medium Security Institution for a period of Thirty (30) days; said sentence to run concurrently with sentences imposed in Counts I,II, and III. Defendant is hereby discharged on time served as to Count IV only.

It is further ordered by the Court that jail time prior to conviction be allowed defendant.

It is further considered, ordered and adjudged by the Court that the State have and recover of said defendant the costs in this cause expended and that execution issued therefor.

JUDGE

It is further ordered and adjudged that the State of Missouri have and recover of defendant the sum of $36.00

Vernon's Annotated Missouri Statutes
  Title XXXVIII. Crimes and Punishment; Peace Officers and Public Defenders
    Chapter 569. Robbery, Arson, Burglary and Related Offenses (Refs & Annos)

V.A.M.S. 569.030

569.030. Robbery in the second degree

Currentness

<This section is transferred to § 570.025 by L.2014, S.B. No. 491, § A, eff. Jan. 1, 2017.>

1. A person commits the crime of robbery in the second degree when he forcibly steals property.

2. Robbery in the second degree is a class B felony.

**Credits**
(L.1977, S.B. No. 60, p. 662, § 1, eff. Jan. 1, 1979.)

V. A. M. S. 569.030, MO ST 569.030
Statutes are current with emergency legislation approved through February 18, 2016, of the 2016 Second Regular Session of the 98th General Assembly. Constitution is current through the November 4, 2014 General Election.

---

End of Document © 2016 Thomson Reuters. No claim to original U.S. Government Works.



Vernon's Annotated Missouri Statutes
   Title XXXVIII. Crimes and Punishment; Peace Officers and Public Defenders
      Chapter 569. Robbery, Arson, Burglary and Related Offenses (Refs & Annos)

V.A.M.S. 569.010

569.010. Chapter definitions

Effective: [See Text Amendments] to December 31, 2016
Currentness

<Text of section eff. until Jan. 1, 2017. See, also, section eff. Jan. 1, 2017.>

As used in this chapter the following terms mean:

(1) **"Forcibly steals"**, a person "forcibly steals", and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, he uses or threatens the immediate use of physical force upon another person for the purpose of:

(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

(b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft;

(2) **"Inhabitable structure"** includes a ship, trailer, sleeping car, airplane, or other vehicle or structure:

(a) Where any person lives or carries on business or other calling; or

(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or

(c) Which is used for overnight accommodation of persons. Any such vehicle or structure is "inhabitable" regardless of whether a person is actually present;

(3) **"Of another"**, property is that "of another" if any natural person, corporation, partnership, association, governmental subdivision or instrumentality, other than the actor, has a possessory or proprietary interest therein;

(4) If a building or structure is divided into separately occupied units, any unit not occupied by the actor is an "inhabitable structure of another";

(5) **"Vital public facility"** includes a facility maintained for use as a bridge, whether over land or water, dam, reservoir, tunnel, communication installation or power station;

DEFENDANT'S
EXHIBIT
C

(6) **"Utility"**, an enterprise which provides gas, electric, steam, water, sewerage disposal or communication services and any common carrier. It may be either publicly or privately owned or operated;

(7) **"To tamper"**, to interfere with something improperly, to meddle with it, displace it, make unwarranted alterations in its existing condition, or to deprive, temporarily, the owner or possessor of that thing;

(8) **"Enter unlawfully or remain unlawfully"**, a person "enters unlawfully or remains unlawfully" in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his purpose, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or by other authorized person. A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public.

**Credits**
(L.1977, S.B. No. 60, p. 662, § 1, eff. Jan. 1, 1979.)

V. A. M. S. 569.010, MO ST 569.010
Statutes are current with emergency legislation approved through February 18, 2016, of the 2016 Second Regular Session of the 98th General Assembly. Constitution is current through the November 4, 2014 General Election.

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2016 Thomson Reuters. No claim to original U.S. Government Works.   2