**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DORNELL DARDEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-888 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Dornell Darden's motion to vacate, set aside, or

correct sentence under 28 U.S.C. § 2255, based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).

<u>Johnson</u> held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional.

The government opposes the motion, arguing that <u>Johnson</u> does not affect movant's sentence and

he remains an armed career criminal.  For the reasons below, the Court will grant movant's motion.

## I.    Background

On February 23, 2006, movant was charged in an indictment with one count of being a felon

in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  <u>See</u> <u>United States v. Darden</u>, 4:06-

CR-122 CAS (E.D. Mo.) (Doc. 1).  On April 25, 2006, movant pled guilty to the offense.

A presentence investigation report ("PSR") was prepared after movant's plea.  The PSR

stated that movant met the Armed Career Criminal provisions of United States Sentencing Guideline

("U.S.S.G.") § 4B1.4 because he had at least three prior convictions for violent felonies.  The PSR

did not specify which of movant's convictions were for violent felonies.  Movant's prior convictions

included Missouri felony offenses of (1) assault in the second degree,[1] (2) armed criminal action,

---

[1]The PSR stated that movant had a conviction for assault in the first degree; however, the
case record shows that he was convicted of assault in the second degree.  <u>See</u> Mot. at Ex. A (Doc.
1), 12-13.

(3) tampering in the first degree, (4) robbery in the second degree, and (5) attempted robbery in the second degree. On August 15, 2006, the Court sentenced movant to the mandatory minimum term of 180 months imprisonment and a three-year period of supervised release.

On June 17, 2016, movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that under <u>Johnson</u> his three predicate violent felony convictions no longer qualify him as an armed career offender. This is movant's first § 2255 motion. The government agrees that movant's motion is timely if he can demonstrate his sentence was imposed under the ACCA's residual clause. (Govt. Resp. at 3.)

## II.     Legal Standard

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. <u>Day v. United States</u>, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." <u>Hardman v. United States</u>, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); <u>see</u> <u>also</u> <u>Hardman v. United States</u>, __ F. Supp. 3d __, 2016 WL 3702798, at *2-3 (W.D. Mo. June 3, 2016) (denying government's motion for reconsideration on the issue of the burden of proof).

## III.     Discussion

In the instant motion, movant asserts that his 1993 Missouri conviction for second-degree robbery and his 1994 Missouri conviction for attempted second-degree robbery no longer qualify as predicate offenses now that <u>Johnson</u> has declared the ACCA's residual clause unconstitutional.[2]

---

[2]Movant's motion to vacate challenges only the status of his 1993 second-degree robbery and 1994 attempted second-degree robbery convictions as ACCA predicate felonies. Movant states, and the government does not dispute, that first-degree tampering is not a crime of violence under the ACCA. (Mot. at 4 (citing <u>United States v. Thornton</u>, 367 F.3d 971, 974 (8th Cir. 2004)). The

The government responds that despite <u>Johnson</u>, movant is still subject to the armed career criminal enhancement because his status as an armed career offender does not rest on the ACCA's residual clause. The government asserts that movant's robbery and attempted robbery convictions were classified as violent felonies under the elements clause of the ACCA, not the residual clause. That is, movant's prior convictions have as elements "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). The government states that because movant's prior convictions were violent felonies under the elements clause, and not the residual clause, <u>Johnson</u> is inapplicable.

Movant replies that the record contains no indication under which clause the Court found the second-degree robbery and attempted second-degree robbery convictions qualified as ACCA violent felonies. Regardless, under recent Eighth Circuit precedent in <u>United States v. Bell</u>, 840 F.3d 963 (8th Cir. 2016), movant states neither conviction qualifies as a violent felony under the elements clause of the ACCA.

A.    *The ACCA*

Movant's claim for relief relies upon the Supreme Court's recent decision in <u>Johnson</u> that the residual clause of the ACCA is unconstitutional. Ordinarily, the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of fifteen years. 18 U.S.C. § 924(a). The ACCA enhances the sentence and requires a fifteen-year minimum sentence if a person who violates § 922(g) has three previous convictions for a "violent felony." The statute defines violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary,

---

parties seem to agree that second-degree assault qualifies as a violent felony and armed criminal action may or may not qualify as a violent felony, depending on the elements of the underlying offense. Because only the second-degree robbery and attempted second-degree robbery convictions are asserted as a basis for the motion, the Court will only address these convictions.

arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"  18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized language, commonly known as the "residual clause," is the portion of the statute invalidated by Johnson, see 135 S. Ct. at 2556-57.  The remaining clauses, § 924(e)(2)(B)(i) (the "elements clause"), and the first clause of § 924(e)(2)(B)(ii) (the "enumerated offenses clause"), are still effective.  Id. at 2563.  Recently, the Supreme Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review.  Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

     B.     *Missouri's Crimes of Second-Degree Robbery and Attempted Second-Degree Robbery Do Not Qualify as Violent Felonies Under the Elements Clause of the ACCA*

Movant argues that his Missouri second-degree robbery and attempted second-degree robbery convictions no longer qualify as violent felonies now that the ACCA's residual clause has been invalidated.  The government responds that these convictions fall under the elements clause of the ACCA.[3]  Movant disagrees, stating Missouri courts have construed the second-degree robbery statute broadly to apply to conduct that does not constitute violent force within the meaning of the ACCA.  Movant states that because the Missouri statute criminalizes conduct falling short of violent force, a conviction under the statute cannot qualify as a crime of violence under the ACCA.

In movant's opening memorandum and in the government's response, the parties analyzed Missouri case law to determine whether Missouri's second-degree robbery statute required the level of force described in Johnson v. United States, 559 U.S. 133 (2010).  On October 28, 2016, however,

---

[3]The government filed its response to movant's § 2255 motion prior to the Eighth Circuit's decision in United States v. Bell, but noted that Bell was pending before the Eighth Circuit.  See Govt. Resp. at 6 n.1.  The government stated that the Bell decision would be applicable to determining whether Missouri's crime of robbery in the second degree was interpreted as a "violent felony" under the elements clause of the ACCA.  Id.

the Eighth Circuit Court of Appeals resolved this issue in movant's favor in <u>United States v. Bell</u>, 840 F.3d 963 (8th Cir. 2016). The Eighth Circuit held that Missouri's crime of robbery in the second degree is not a "crime of violence" under the Sentencing Guidelines, U.S.S.G. § 4B1.2.

In <u>Bell</u>, the Eighth Circuit identified Missouri's second-degree robbery statute as setting forth a single indivisible crime, and applied the categorical approach to determine whether a conviction under the statute qualified as a violent felony. <u>Bell</u>, 840 F.3d at 964-65; <u>see also</u> <u>Bevly v. United States</u>, 2016 WL 6893815, *2 (E.D. Mo. Nov. 23, 2016). Under the categorical approach, courts focus solely on the generic elements of the offense and not on the specific facts underlying the defendant's conviction. <u>Bell</u>, 840 F.3d at 964-65. The Eighth Circuit analyzed whether the amount of physical force required under Missouri's second-degree robbery statute rose to the level of physical force required for a crime of violence under the Guidelines, and determined it did not. <u>Id.</u> at 965-68; <u>see also</u> <u>United States v. Dace</u>, 842 F.3d 1067, 1069 (8th Cir. 2016). The Court relied on Missouri state court decisions that held a defendant could be convicted of second-degree robbery when he has physical contact with a victim but does not cause physical pain or injury. The Eighth Circuit concluded that Missouri's second-degree robbery statute criminalized conduct falling short of "violent force" described by the Supreme Court in <u>Johnson</u>. <u>Bell</u>, 840 F.3d at 967. Thus, Bell's prior conviction of second-degree robbery in Missouri did not qualify as a crime of violence.

The Eighth Circuit treats authority interpreting the term "crime of violence" under the Sentencing Guidelines as applicable in interpreting the term "violent felony" under the ACCA. <u>See</u> <u>United States v. Olsson</u>, 742 F.3d 855, 855 n.1 (8th Cir. 2014) (citing <u>United States v. Vinton</u>, 631 F.3d 476, 484 (8th Cir. 2011) ("To determine whether a previous conviction is a crime of violence under [the Sentencing Guidelines], we often have looked to the case law interpreting 18 U.S.C. § 924(e)(2)(B), a provision of the [ACCA] that defines the term 'violent felony' using similar language.")). So while <u>Bell</u> held a Missouri second-degree robbery conviction did not qualify as

a crime of violence under the Sentencing Guidelines, this Court can apply <u>Bell</u> to its interpretation of violent felony under the ACCA. <u>Id.</u> Under <u>Bell</u>, the Court finds movant's prior conviction for second-degree robbery does not qualify as a crime of violence and a predicate prior conviction for purposes of the ACCA.

Because Missouri's completed crime of second-degree robbery cannot categorically qualify as a violent felony under the ACCA, attempted second-degree robbery also cannot qualify. A person attempts a crime in Missouri when they take a "substantial step" toward committing the crime. <u>See</u> Mo. Rev. Stat. § 562.012(1). Taking a substantial step toward committing a crime that does not qualify as a violent felony cannot, itself, be a violent felony. <u>See</u> <u>United States v. Reid</u>, 769 F.3d 990, 994 (8th Cir. 2014) (finding prior conviction for Missouri offense of attempted burglary was not a violent felony under ACCA). As a result, movant's Missouri attempted second-degree robbery conviction is not an ACCA predicate offense under the elements clause. Because movant does not have the requisite three prior convictions for violent felonies, he is not subject to sentencing under the ACCA.

## IV.     Conclusion

Movant's 1993 Missouri conviction for second-degree robbery and his 1994 Missouri conviction for attempted second-degree robbery do not qualify as violent felonies under the elements clause of the ACCA. Under the Supreme Court's holding in <u>Johnson</u>, these convictions no longer qualify as violent felonies based on the unconstitutional residual clause of the ACCA. As a result, movant has established that his sentence is "in excess of the maximum authorized by law," <u>see</u> 28 U.S.C. § 2255(a), because he does not have three ACCA predicate offenses to qualify for the statutory enhancement. Movant is therefore entitled to be resentenced.

Accordingly,

**IT IS HEREBY ORDERED** that movant Dornell Darden's Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED**.  [Doc. 1]

**IT IS FURTHER ORDERED** that the judgment and commitment in <u>United States v. Dornell Darden</u>, No. 4:06-CR-122 CAS, filed August 15, 2006 (Crim. Doc. 26) is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall promptly prepare an updated presentence investigation report on Mr. Darden.  Movant is granted a new sentencing hearing, to be set as soon as the presentence investigation report is completed.  Until the sentencing hearing, Mr. Darden's detention order (Crim. Doc. 10) remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket a copy of this Memorandum and Order in the criminal case, No. 4:06-CR-122 CAS.

An appropriate judgment will accompany this Memorandum and Order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  17th  day of January, 2017.